# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 18-13 (RC) |
| | : | |
| DWONNE WASHINGTON, | : | Re Document No.:    28 |
| | : | |
| Defendant. | : | |

## <u>MEMORANDUM OPINION</u>

### DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

## I.  INTRODUCTION

Defendant Dwonne Washington, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Washington was convicted for Hobbs Act robbery, 18 U.S.C. § 1951, and brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii).  Judgment at 1–2, ECF No. 26.  He asks the Court to vacate his sentence on the second count on the ground that, in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), Hobbs Act robbery does not qualify as a "crime of violence." This Court agrees with every Court of Appeals to have considered the same argument and concludes that Hobbs Act robbery remains a crime of violence.  Accordingly, Washington's motion is denied.

## II.  BACKGROUND

### A.  Factual Background

Washington's convictions arose from his assault and robbery of Kenneth Gerstley. Statement of Offense Supp. Guilty Plea at 3, ECF No. 13.  Gerstley worked for a company that

installed and serviced automatic teller machines ("ATMs") in Maryland, Virginia, Delaware, and the District of Columbia. *Id*.

On the day of the offense, Gerstley had withdrawn money from the company's safe in Maryland to refill ATMs in the District of Columbia. *Id*. He carried the money in a backpack. *Id*. Gerstley had refilled an ATM inside a D.C. convenience store and was walking to his car when Washington and another man approached him from behind. *Id*. Washington struck Gerstley on the head multiple times with a handgun. *Id*. The two men then removed the backpack and fled. *Id*. The backpack contained at least $52,000. *Id*. at 4.

A federal grand jury indicted Washington on three counts: (1) interference with interstate commerce by robbery, better known as Hobbs Act robbery, in violation of 18 U.S.C. § 1951; (2) brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and (3) armed robbery, in violation of D.C. Code §§ 22-2801, -4502. Indictment at 1–2, ECF No. 1. Washington pleaded guilty to the first two counts. *See* Minute Entry (July 12, 2018). The Court sentenced him to 18 months on the first count and 84 months on the second. Judgment at 3.

### B.  Legal Background

Washington asks the Court to vacate, set aside, or correct his 84-month sentence for brandishing a firearm during a crime of violence. *See* Mot. Vacate, Set Aside, or Correct Illegal Sentence ("Mot."), ECF No. 28. The basis for his motion is *United States v. Davis*, 139 S. Ct. 2319. *See* Mot. at 15.

In relevant part, the statute forbidding the brandishing of a firearm during a crime of violence provides:

> [A]ny person who, during and in relation to any crime of violence . . . uses or
> carries a firearm, or who, in furtherance of any such crime, possesses a firearm,

shall, in addition to the punishment provided for such crime of violence . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

18 U.S.C. § 924(c)(1)(A)(ii).  In turn, the term "crime of violence" is defined as:

[A]n offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3).  The first of the alternative clauses in section 924(c)(3) is called the "elements clause."  The second is called the "residual clause."

In *United States v. Davis*, the Supreme Court held that section 924(c)(3)'s residual clause is unconstitutionally vague.  139 S. Ct. at 2336.  As a result, for Washington's brandishing-a-firearm-during-a-crime-of-violence conviction to be constitutional, his other conviction—the Hobbs Act robbery conviction—must qualify as a crime of violence under the elements clause.  Washington asserts that Hobbs Act robbery is not a crime of violence under the elements clause because "the offense can be committed by causing fear of future injury to property[,] which does not require 'physical force.'"  Mot. at 16.  The Court disagrees for the reasons below.

### III. ANALYSIS

#### A.  Legal Standard for Section 2255 Motions

Section 2255 allows federal prisoners to move the court that imposed their sentence to vacate, set aside, or correct the sentence, on various grounds including that "the sentence was imposed in violation of the Constitution."  28 U.S.C. § 2255(a).  Because our justice system values the finality of judgments, however, the circumstances under which a court should grant a

section 2255 motion are limited.  *See Bedewi v. United States*, 583 F. Supp. 2d 72, 76 (D.D.C. 2008); *see also United States v. Addonizio*, 442 U.S. 178, 184 & n.11 (1979).

One restriction on collateral review under section 2255 is the procedural default rule. "When a petitioner fails to raise an argument on direct appeal, he may raise his claim collaterally (that is, pursuant to § 2255) only if he can show cause and prejudice."  *Winchester v. United States*, 477 F. Supp. 2d 81, 84 (D.D.C. 2007) (citing *Massaro v. United States*, 538 U.S. 500, 504, (2003)).  The Government asserts that Washington procedurally defaulted his void-for-vagueness argument because he has not shown cause and prejudice to excuse his failure to raise the claim on direct appeal.  *See* Gov't Opp'n Mot. to Vacate, Set Aside, or Correct Sentence at 6, ECF No. 35.  The Court will not address that argument, however, as it concludes that Hobbs Act robbery is a "crime of violence" under the elements clause.  *See United States v. Carter*, 422 F. Supp. 3d 299, 306 (D.D.C. 2019) (declining to address government's procedural arguments because the court concluded that Hobbs Act robbery is a crime of violence).

## B. Hobbs Act Robbery Is a Crime of Violence

To determine whether a crime is a crime of violence, courts employ a framework called the categorical approach.  "The categorical approach directs courts to evaluate whether an offense is a 'crime of violence' solely 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'"  *United States v. Thomas*, No. 17-cr-194, 2019 WL 1590101, at *1 (D.D.C. Apr. 12, 2019) (quoting *Johnson v. United States*, 576 U.S. 591, 596 (2015)).  That means a court must use "elements, not facts" when conducting its analysis.  *Id.* (quoting *Descamps v. United States*, 570 U.S. 254, 261 (2013)).  If the crime can be committed by employing either violent or nonviolent force, then it cannot be categorized as a crime of violence under the elements clause, "even if the defendant

actually used violent force in committing the crime." *Id.* (quoting *United States v. Haight*, 892 F.3d 1271, 1279 (D.C. Cir. 2018)).  But when a defendant argues that the crime can be committed without using physical force, the categorical approach requires that there be "'a realistic probability, not a theoretical possibility' that the statute will be applied in the way [he] contends, usually by 'point[ing] to his own case or other cases.'"  *Id.* at *3 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

Washington claims that Hobbs Act robbery is not categorically a crime of violence under the elements clause because "the offense can be committed by causing fear of future injury to property[,] which does not require 'physical force.'"  Mot. at 16.  Hobbs Act robbery is defined as:

> [T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

The D.C. Circuit has yet to address whether Hobbs Act robbery constitutes a crime of violence under section 924(c)(3)'s elements clause.  *Carter*, 422 F. Supp. 3d at 306.  But every other Court of Appeals to consider the question has answered in the affirmative.  *See id.* at 306–07 (collecting cases from the First, Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits).  Furthermore, many judges in this district have arrived at the same conclusion.  *Id.* at 307 (collecting cases).

Despite that contrary precedent, Washington points to an opinion from the Northern District of California, *United States v. Chea*, No. 98-cr-20005-1, 2019 WL 5061085 (N.D. Cal. Oct. 2, 2019).  *See* Mot. at 23.  The *Chea* court concluded that "Hobbs Act robbery is not

categorically a crime of violence under the elements clause of § 924(c)(3), because the offense can be committed by causing fear of future injury to property, which does not require 'physical force' within the meaning of § 924(c)(3)."  2019 WL 5061085, at *1.  Its holding depended on *Curtis Johnson v. United States*, 559 U.S. 133 (2010).  *See Chea*, 2019 WL 5061085, at *7–8.  In *Curtis Johnson*, the Supreme Court defined "physical force" as "*violent* force—that is, force capable of causing physical pain or injury to another person."  559 U.S. at 140.  Applying this definition, the *Chea* court reasoned that, because "placing a person in fear that his or her property will suffer future injury" does not require violent physical force, Hobbs Act robbery is not categorically a crime of violence.  2019 WL 5061085, at *8.  The court explained that, "where the property in question is intangible, it can be injured without the use of any physical contact at all; in that context, the use of violent physical force would be an impossibility."  *Id.* (footnote omitted).  And, it continued, "[e]ven tangible property can be injured without using violent force. For example, a vintage car can be injured by a mere scratch, and a collector's stamp can be injured by tearing it gently."  *Id.*[1]

The argument misunderstands what constitutes "violent force."  As another court in this jurisdiction recently explained, "the relevant question under [*Curtis*] *Johnson* is not whether the Court would describe all" convictions for a crime "as 'violent' in an intuitive sense."  *United States v. Abu Khatallah*, 316 F. Supp. 3d 207, 214 (D.D.C. 2018).  "Rather, [*Curtis*] *Johnson*'s definition of physical force simply requires that all of the prohibited acts involve 'force capable of causing physical injury.'"  *Id.* (quoting *Curtis Johnson*, 559 U.S. at 140); *see also Haight*, 892 F.3d at 1280 (explaining that "it d[oes] not matter what tool or method the defendant may have

---

[1] The Court notes that, since the *Chea* court issued its opinion, the Ninth Circuit has concluded that Hobbs Act robbery is a crime of violence.  *See United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020).

used" as long as the force is "capable of causing physical pain or injury" (quoting *Curtis Johnson*, 559 U.S. at 140)).  Consequently, "[t]arring a courthouse or breaking a sprinkler" may not be "particularly brutal," but those acts still involve "violent force" because they necessitate enough physical force to injure the property.  *Abu Khatallah*, 316 F. Supp. 3d at 215; *see also United States v. Castleman*, 572 U.S. 157, 174 (2014) (Scalia, J., concurring in part) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result.").  The same is true for scratching a vintage car or gently tearing a stamp.

The Court also rejects the suggestion that Hobbs Act robbery would be applied to intangible property, as the court in *Chea* speculated.  It agrees with other judges in this district who have recognized that there is not "any possibility that the robbery provision has been or will be applied" in that way.  *Thomas*, 2019 WL 1590101, at *3; *accord Carter*, 422 F. Supp. 3d at 307.  While the *Chea* court observed that intangible property, such as a stock holding, "can be injured without the use of physical contact at all," 2019 WL 5061085, at *8, courts applying the categorical approach must ensure that there is "'a realistic probability, not a theoretical possibility' that the statute will be applied in the way a defendant contends," *Thomas*, 2019 WL 1590101, at *3 (quoting *Duenas-Alvarez*, 549 U.S. at 193).  Conceiving of a way that one could be convicted of Hobbs Act robbery for putting a victim in fear of harm to intangible economic interests without using physical force surely takes "legal imagination."  *See id.* (quoting *Duenas-Alvarez*, 549 U.S. at 193).  That "theoretical possibility" is insufficient to establish that Hobbs Act robbery is not categorically a crime of violence.

The Court thus concludes that Hobbs Act robbery qualifies as a "crime of violence" under section 924(c)(3)'s elements clause.

## III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to vacate, set aside, or correct his sentence.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: October 23, 2020                                        RUDOLPH CONTRERAS
                                                               United States District Judge